# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Paul Steed | ) Case No. 25CR48 (KAD) |
| | ) |
| *Defendant* | ) |

# ORDER OF DETENTION PENDING TRIAL

## Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
     **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
     **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ❐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ❐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ❐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ❐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☑ Weight of evidence against the defendant is strong
  ☑ Subject to lengthy period of incarceration if convicted
  ❐ Prior criminal history
  ❐ Participation in criminal activity while on probation, parole, or supervision
  ❐ History of violence or use of weapons
  ❐ History of alcohol or substance abuse
  ❐ Lack of stable employment
  ❐ Lack of stable residence
  ☑ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ☑ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

For the reasons set forth in detail on the record at a detention hearing held on March 26, 2025, the Court finds that the government has established by a preponderance of evidence that defendant poses a serious risk of flight and that there are no conditions or combination of conditions that would reasonably assure the defendant's appearance.  In summary, the undersigned is very familiar with the government's evidence in this matter, having reviewed the affidavit in support of seizure warrants for bank and investment accounts jointly held by the defendant and his wife.  The government proffers that it has seized approximately $18,000,000 from these accounts traceable to the fraudulent scheme alleged in the indictment.  The government's evidence is strong and the defendant faces a lengthy period of incarceration if convicted.  While this provides motivation for flight, the Court is aware that this is the least significant factor in light of the presumption of innocence at this stage.  Other factors present are far more concerning.  Defendant is a dual citizen of the US and Argentina.  Defendant has family in Argentina, including his mother.  He apparently owns a cattle and tea ranch in Argentina.  Over the past few years, he has sent approximately $2,000,000 to individuals, including his mother, and entities in Argentina. In short, he has a support structure in place in Argentina.  The government has proffered that several millions of dollars traceable to the alleged fraud remain unaccounted for.  Extradition from Argentina is very difficult.  Nothing prevents defendant from cutting off a bracelet and seeking travel documents from the Argentinian consulate in NYC when he is a citizen of that nation.  Given these facts, the risk defendant could flee to Argentina is real and serious, not merely hypothetical.  While defendant has resided in CT for many years, the property he has in Greenwich was acquired with funds that appear traceable to the scheme alleged in the indictment and is subject to a forfeiture allegation.  While he also owns a home in Stamford, that home is valued at $1,000,000 with no encumbrances, raising questions about whether it too may be tainted. At a minimum, it may be impacted by potential restitution and imposition of fines.  In short, any financial ties to CT which might keep defendant here have been severely weakened.  Indeed, at this point, defendant has so very little to even make any amount of a bond he signs meaningful.  Defendant has no children, but has been married to his wife for the past 24 years.  She is a hair stylist who earns between $40,000-$50,000.  She has been proposed as a custodian and surety.  Given the specific circumstances of this matter, the Court has serious questions whether it can trust Mrs. Steed in those roles.  She was a joint holder of every account from which $18,000,000 was seized.  Even if she is given the benefit of doubt as to whether she knew what was happening in these accounts, she jointly purchased the Greenwich property with the defendant in October 2023 for $2.5 million cash.  Given her earnings and her husband's salary of rougly $200,000 per year, the Court is left to wonder whether she raised any questions as to the sources of these funds or had some suspicions but chose to ignore them. Given the nature of this matter, she too does not have the financial wherewithal to sign any bond that might meaningfull incentivize Mr. Steed to appear.  Finally, it appears that Mr. Steed may have depleted a savings account belonging to Mrs. Steed that raises questions about the current status of their relationship.  On the current record before the Court, there remain unanswered questions to the extent that the Court cannot consider Mrs. Steed an appropriate custodian or surety at this time.  Accordingly, defendant is detained pending trial.  The Court's decision is without prejudice to a new package and development of a record that addresses the Court's concerns.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/26/2025  /s/

United States Magistrate Judge